# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CITY OF SEATTLE,<br><br>    Appellant,<br><br>  v.<br><br>WILLIAM T. WEATHERFORD,<br><br>    Respondent. | No. 76352-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: June 25, 2018 |

TRICKEY, J. — The city of Seattle (City) appeals a King County Superior Court RALJ (Rules for Appeal of Decisions of Courts of Limited Jurisdiction) decision reversing the Seattle Municipal Court's imposition of a $43 criminal conviction fee on William Weatherford, pursuant to the former version of RCW 3.62.085 in effect at the time of his conviction.[1] The superior court concluded that the conviction fee was a discretionary legal financial obligation (LFO) and could be waived upon a finding that Weatherford was indigent. Because the plain language of the former statute demonstrated that the conviction fee was mandatory, we reverse the RALJ decision and remand for imposition of the conviction fee.

## FACTS

Weatherford pleaded guilty in the Seattle Municipal Court to a theft that was committed in March 2016. The municipal court sentenced him on May 31, 2016 and imposed a $43 conviction fee pursuant to former RCW 3.62.085, but waived

---

[1] See former RCW 3.62.085 (2016) (amended by LAWS OF 2018, ch. 269 (effective June 7, 2018)).

all other fees.[2] The municipal court concluded that the conviction fee was a mandatory LFO.

On RALJ appeal, the King County Superior Court reversed the municipal court's imposition of the conviction fee. The superior court concluded that the conviction fee authorized by former RCW 3.62.085 "[was] discretionary and [could] be waived or suspended upon a finding of indigency."[3] The superior court remanded Weatherford's case to the municipal court.

The City appeals.

## ANALYSIS

### Former RCW 3.62.085 - Conviction Fee

The City argues that the conviction fee authorized by former RCW 3.62.085 when Weatherford pleaded guilty was a mandatory LFO and could not be waived, even upon a finding of indigency.[4] We agree.

The former statute under which the municipal court imposed Weatherford's conviction fee provided, "Upon conviction or a plea of guilty in any court organized

---

[2] The municipal court appropriately noted Weatherford's outstanding financial obligations and the ineffectiveness of imposing additional, discretionary fees.

[3] Clerk's Papers at 36.

[4] On May 8, 2018, Weatherford filed a motion to dismiss the present appeal as improvidently granted. He argued that a recent amendment to RCW 3.62.085, which exempts indigent defendants from the imposition of the conviction fee, settles the issue presented, and renders the issue not of public interest. The City filed an answer opposing Weatherford's motion on May 14, 2018.

We disagree with Weatherford. The amendment to RCW 3.62.085 became effective on June 7, 2018. The present appeal concerns the language of the statute as it existed when the municipal court imposed the conviction fee on Weatherford. Therefore, it applies to Weatherford and other criminal defendants who were sentenced prior to June 7, 2018. Therefore, we deny Weatherford's motion to dismiss the present appeal.

2

under this title or Title 35 RCW, a defendant in a criminal case is liable for a fee of forty-three dollars." Former RCW 3.62.085.[5]

Mandatory LFOs are those that "the legislature has divested courts of the discretion to consider a defendant's ability to pay." State v. Lundy, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). In contrast, "if a court intends on imposing *discretionary* [LFOs] . . . as a sentencing condition, it must consider the defendant's present or likely future ability to pay." Lundy, 176 Wn. App. at 103.

"The purpose of statutory interpretation is 'to determine and give effect to the intent of the legislature.'" State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013) (quoting State v. Sweany, 174 Wn.2d 909, 914, 281 P.3d 305 (2012)). When interpreting a statute, a court first looks to the "plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." Evans, 177 Wn.2d at 192. "Plain language that is not ambiguous does not require construction." Evans, 177 Wn.2d at 192.

Questions of statutory construction are reviewed de novo. Evans, 177 Wn.2d at 191.

Here, the plain language of former RCW 3.62.085 required courts to impose a conviction fee of $43 in all applicable cases. The former statute stated that, upon conviction or a plea of guilty, the defendant "is liable" for the conviction fee. The statutory language did not include qualifiers for or alternatives to the imposition of the conviction fee. The former statute also did not require or allow inquiry into the

_____

[5] The Seattle Municipal Court is organized under RCW 35.20.010(1).

defendant's ability to pay. Thus, we conclude that the conviction fee authorized by former RCW 3.62.085 was a mandatory LFO that could not be waived.

Reversed and remanded for imposition of the conviction fee.[6]

Trickey, J

WE CONCUR:

Mann, A.C.J.

---

[6] Weatherford also filed a motion to strike a portion of his own brief. The motion is denied.